**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **Maxient, LLC,** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) **Civil Action No. 1:14-cv-1184** |
| **v.** | ) **(AJT/IDD)** |
| | ) |
| **Symplicity Corporation, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MAXIENT, LLC'S MOTION TO REMAND TO STATE COURT**

Plaintiff Maxient, LLC ("Plaintiff" or "Maxient"), by and through its undersigned

counsel, submits this Memorandum of Points and Authorities in support of its Motion to Remand

to State Court ("Motion" or "Motion for Remand"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

This lawsuit concerns Defendants' hacking and misappropriation of Maxient's trade

secrets and proprietary and confidential information.  Plaintiff seeks civil recourse from

Defendant Symplicity Corp. ("Symplicity") and its top officers who engaged in multiple and

deliberate campaigns to successfully and unlawfully access Maxient's computer systems in order

to steal and misappropriate Maxient's trade secrets.  Defendants have improperly removed this

case because they claim Maxient's state law claims are preempted by copyright law.  *See*

Defendants' Notice of Removal (Dkt. No. 1).  However, Maxient has neither alleged, nor seeks

recovery for claims related to copyright infringement because Maxient is not aware that

Defendants gained access to source code or copyrighted materials as a result of their

malfeasance.  Rather, Defendants illegally gained access to Maxient's propriety system to steal

1

information on Maxient's key features and functionalities – which are not subject to copyright protection, but are trade secrets.

## STATEMENT OF FACTS

Maxient is a Charlottesville, Virginia-based company that, since its inception in 2003, has been engaged in the business of providing a web-based software solution called *Conduct Manager* to institutions of higher education for managing the processes and records related to student conduct (*i.e.,* student conduct record management or "SCRM").  *See* Exhibit 1 (Complaint with attached Exhibits) at 3.   Maxient provides its distributed solution through protected servers that are accessible to its subscribers over a secure internet connection (referred to herein as "Maxient's system").  *Id.*  Maxient's design features are critical means by which it competes with Defendant Symplicity's products and these design features are the lifeblood of the business.  *Id.* at 3-4.

Symplicity is an Arlington, Virginia-based corporation and is a direct competitor to Maxient in the market of higher education SCRM, where Symplicity offers a competing product called at times *JAMS* or *Advocate*.  *Id.* at 3.

Through the course of competing for SCRM business, Symplicity started to lose clients to Maxient.  As a result, Defendants Friedler and Dhir – then, respectively, the CEO and CTO of Symplicity – in addition to other employees including Defendant Kelley, conspired together to hack into Maxient's systems to understand more about how Maxient conducts its business and the features and functions the Maxient system offers customers and to steal whatever was helpful to them. *Id.* at 7-8.  On multiple occasions, Defendants attempted and ultimately did obtain access to Maxient's Conduct Manager by illegally posing as Maxient subscribers.  Exhibit 1. Defendants illegally accessed Maxient's systems in order to understand more about Conduct

Manager's features and functionalities, which are only available to authorized Maxient subscribers. *Id.* at 5-6.

With the help of Maxient's employees, the FBI initiated an investigation concerning Defendants' illegal actions. *Id*. at 7-8.  In March 2012, the FBI obtained a search warrant to seize and search digital evidence in Symplicity's possession for evidence of a crime. *Id.*  The FBI then conducted a forensic examination of the data which revealed the fruits of Defendants' illegal activities. *Id*. at 8.

Specifically, the FBI located a document in Symplicity's computers called "Maxient.docx." *Id.* at 6-8. This document was generated in this form by Symplicity employees – not Maxient employees. The Maxient.docx document generated by Symplicity contained play-by-play descriptions of the features, methods, and procedural enhancements (available at the time) in Maxient's Conduct Manager – features and functions that are only available to authorized Maxient subscribers. *Id.*  It included step-by-step procedures illustrating the way a subscriber might use a particular feature of Conduct Manager.  The information contained in the Maxient.docx did not contain copyrighted source code or other copyright material. Maxient's source code is not accessible to Maxient's subscribers or to those illegally posing as subscribers.[1]

The FBI also recovered electronic communications by Defendants discussing the use of the information obtained from the unlawful access.  For example, the FBI recovered a series of emails titled "Maxient *features* to add," where Defendant Friedler directed employees to incorporate the Maxient *features* in Symplicity's competing solution.  Exhibit 1 at 7 (emphasis added).  This is significant because it confirms that the focus of Defendants' illegal activities

---

[1]     Because the Maxient.dox document generated by Symplicity indisputably contains Maxient's trade secrets, a copy of the Maxient.docx document will be offered to the Court for *in-camera* review and will be provided to opposing counsel based on their agreement to treat it as "Attorneys' Eyes Only" and to not share it with their clients or anyone else.

concerned obtaining and using Maxient's *features* and *functionalities*, which are not subject to the Copyright Act. Further, in commenting on the implementation of Maxient features in Symplicity products, Friedler added: "this is one of the only features maxient had we did not…whole reason [I] wanted it built was for schools who may demo them and say how come symp doesnt have it… how can we ensure that everyone knows we have this capabilitiy [sic]." *Id*. at 7-8.

In May 2014, the United States Government charged Defendant Friedler and Defendant Dhir with federal computer crimes. *Id*. at 9. Specifically, both Defendants were charged with violations of 18 U.S.C. §1030, the Computer Fraud and Abuse Act. Subsequently, Defendant Kelley was also charged with a lesser criminal offense. Defendants Friedler, Dhir and Kelley – all Symplicity officers at the time of their actions – pled guilty. While the focus of the federal investigation and prosecution concerned illegal access, Maxient has the private right to seek recovery for the value of the trade secret information obtained by Defendants and other damages.[2] Moreover, the FBI requested that Maxient refrain from seeking civil recourse until the completion of the federal investigation and prosecution.

On August 12, 2014, Plaintiff filed its Original Complaint ("Complaint") in the Circuit Court for Arlington County, Virginia against Defendants Symplicity and Friedler, Dhir, and Kelley, individually. *See generally*, Exhibit 1. Plaintiff's Complaint alleges only violations of the laws of the Commonwealth of Virginia, including trade secret misappropriation, computer fraud, computer trespass, and password decryption. *Id*. at 11-15. Plaintiff seeks remedies not available under federal law for damages related to the misappropriation of Plaintiff's trade

---

[2]     The restitution ordered as a result of the criminal convictions concerned financial damages related to the cause of Defendants' illegal access and not the value of the intellectual property stolen or other damages.

secrets (count I), computer trespass (count II), computer fraud (count III), and use of unauthorized passwords to view Plaintiff's confidential and proprietary information and trade secrets (count IV).  Nevertheless, Defendants improperly filed a Notice of Removal in this Court on September 8, 2014.  *See* Defendants' Notice of Removal (Dkt. No. 1).[3]  The sole basis of Defendants' removal is Defendants' allegation that counts II-IV of Plaintiff's Complaint are preempted by the Copyright Act.  *Id.* at 2.

## ARGUMENT

Defendants' attempt to remove this case is improper and should be rejected for at least three reasons:

*First*, Defendants have failed to meet their burden for removal:  "defendants seeking removal under the doctrine of complete preemption bear a significant burden.  They must establish congressional intent to extinguish similar state claims by making the federal cause of action exclusive. And as we must construe removal strictly, reasonable doubts must be resolved against the complete preemption basis for it."  *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005) (citation omitted).  Here, Defendants have failed to meet their "significant burden."

*Second*, and perhaps most notably, the Copyright Act expressly precludes protection of "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in [a] work [of authorship]."  17 U.S.C. § 102(b).  The basis of Maxient's claims concern the features, functionalities, and methods that Defendants intentionally and illegally obtained from Maxient to use in Symplicity's competing software solution.  Had Defendants copied Plaintiff's *source code*

---

[3]    There is no complete diversity of citizenship pursuant to 28 U.S.C. § 1332 because Defendant Symplicity has a principal place of business in the Commonwealth of Virginia and Defendant Friedler resides in Virginia. *Id.*, Exhibit 1 at p. 2.

or copyrighted materials, Plaintiff could have asserted copyright infringement claims.  To the best of Plaintiff's knowledge based on the information resulting from the FBI's investigation, that is not the case here.

*Third*, even if the material stolen by Defendants was afforded protection under the Copyright Act (and it isn't), Plaintiff's state law claims are not preempted by copyright law because Plaintiff's underlying state claims contain an extra element over claims of copyright infringement.  For example, a misappropriation of trade secrets claim survives federal preemption because the extra element of obtaining the information by improper means distinguishes the claim from one of mere use of federally-protected intellectual property.  *See Trandes Corp. v. Guy F. Atkinson Co.*, 996 F. 2d 655, 660 (4th Cir. 1993) (holding that "[t]he essential element of a misappropriation claim is the 'abuse of confidence or impropriety in the means of procurement.' .... Because [Plaintiff's] claim for trade secret misappropriation requires proof of a breach of trust or confidence, § 301 [of the copyright act] does not preempt the claim.").

### A.  Defendants Have Failed To Meet Their "Significant Burden" To Prove That Removal Is Proper

#### 1.  Defendants Have Failed To Meet Their Burden for Removal

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Lontz*, 413 F.3d at, 441 (4th Cir. 2005) (citing *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003) and *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994)).  Courts must "narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises 'significant federalism concerns.'" *Id*.  The Court "must construe removal strictly" and "any reasonable doubts must be resolved against the

complete preemption basis for it." *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

The Fourth Circuit "has consistently held that the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (citing *Aetna Health, Inc. v. Davila,* 542 U.S. 200 (2004)).  On a notice of removal, the removing defendants carry the burden of proving that federal jurisdiction is proper according to the well-pleaded facts contained in the complaint. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  Courts have expressed a "'strong presumption'" against removal jurisdiction because the plaintiff is master of the complaint.  *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," on the grounds that the courts "strictly construe the removal statute against removal jurisdiction…." *Gaus,* 980 F.2d at 566.

The Supreme Court's "well-pleaded complaint rule" dictates that federal question jurisdiction lies only when a federal question is alleged on the face of the complaint.  *See, e.g., Caterpillar,* 482 U.S. at 392.  There is no well-pleaded defense rule, so that a defense interposed to the complaint—whether on the basis of preemption or some other ground—does not provide a basis for removal even if Plaintiff admits that preemption or some other affirmative defense "is the only question truly at issue" in the litigation.  *Id.* at 393.  A complaint properly "avoid[s] federal jurisdiction by exclusive reliance on state law." *Id.* at 392.  Therefore, whether a complaint "arises under" federal law depends solely on Plaintiff's allegations and not the defendant's answer or potential defenses to those allegations. *See Rivet v. Regions Bank of*

*Louisiana,* 522 U.S. 470, 478 (1998); *Franchise Tax Bd. of California v. Construction Laborers*

*Vacation Trust for S. California,* 463 U.S. 1, 14 (1983).

Defendants have not come close to establishing their burden in their Notice of Removal.

Defendants merely state the following:

> As set forth in counts two through four of Plaintiff's Complaint, Plaintiff alleges that Defendants violated the Virginia Computer Crimes Act by unlawfully accessing and copying plaintiff's computer software…Plaintiff's claims under the Virginia Computer Crimes Act are thus completely preempted by the Copyright Act.

Defendants' Notice of Removal at 2-3 (Dkt. No. 1).  This passing, conclusory reference in no

way satisfies Defendants' strict burden.  For this reason alone, Plaintiff's Motion for Remand

should be granted.

### 2.    Defendants Refuse To Identify What They Contend Is Subject To Copyright Protection

As explained in the Statement of Facts section above (and in more detail below),

Plaintiff's claims concern confidential and proprietary information and trade secrets that

Defendants stole from Maxient and referred to in their Maxient.docx document.  This

information consists of features and functionalities of Maxient's Conduct Manager.  These

features and functionalities are not copyrighted and indeed cannot be the subject of copyright

protection.  Notwithstanding, Plaintiff's counsel has repeatedly conferred with Defendants'

counsel in an effort to determine and understand the basis for Defendants'  removal and whether

there is any additional information that was extracted from Maxient's systems that may be the

proper subject of copyright protection.  *See* Exhibit 2 (Email correspondence between Stephen L.

Neal, Jr. and David O'Brien).  Plaintiff's counsel asked "[f]or the third time, I am asking that

you provide the Fed. R. Civ. P. 11 factual and legal basis for this contention.  Specifically, I

again ask that you identify what materials your clients stole/misappropriated/accessed/reviewed

and for each category of materials explain how they are protected by the Copyright Act." *Id.* Defendants' counsel refused to provide any specifics and merely stated that the materials described in the Complaint "and about which you complain are within the subject matter of the copyright. 17 USC § 102(a)." *Id.* Despite repeated requests, Plaintiff has never received any answer – other than this perfunctory and conclusory statement – as to why the materials at issue are allegedly subject to the Copyright Act. This further proves that Defendants' grounds for removal were insufficient: just because Maxient's software is implicated does not and cannot establish that what was misappropriated was protectable expression under the copyright laws.[4]

Defendants have the burden to prove removal is appropriate and should have included specific facts supporting removal jurisdiction  in the Notice of Removal before divesting the Virginia Circuit Court of jurisdiction. Not only has Defendant failed to identify such information in its Notice of Removal, but Defendants' counsel is still unwilling to disclose any additional information (in possession of Defendants) that Defendants contend constitute copyrightable material.

## B.  Plaintiff's Claims Are Not Preempted By The Copyright Act

### 1.  The Confidential And Proprietary Information And Trade Secrets Defendants Stole Are Not Subject To The Copyright Act

---

[4]      As the Copyright Office has made clear in its recently-revised guidelines: "The copyright in a computer program does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the program. 17 U.S.C. § 102(b). As such, the Office will not register the functional aspects of a computer program, such as the program's algorithm, formatting, functions, logic, system design, or the like. Likewise, the Office will communicate with the applicant and may refuse registration if the applicant asserts a claim in uncopyrightable elements that may be generated by a computer program, such as menu screens, layout and format, or the like." See Exhibit 3, Excerpt of U.S. Copyright Office, the Compendium of U.S. Copyright Office Practices § 721.7 (3d ed. 2014).

The Copyright Act does not preempt state law claims based on taking or using uncopyrightable "subject matter," because the expression taken must "come within the subject matter of copyright as specified in sections 102 and 103." 17 U.S.C. § 301(a).  The subject matter of copyright *excludes* "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in [a] work [of authorship]."  17 U.S.C. § 102(b)*; see also Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 347-48 (1991) (data and discoveries are not copyrightable because "one who discovers a fact is not its 'maker' or 'originator.'"); *Baker v. Selden*, 101 U.S. 99, 103 (1879) (subject matter of copyright excludes "method of operation" or a "system of bookkeeping"); *Acorn Structures, Inc., v. Swantz*, 846 F.2d 923, 925 (4th Cir. 1988) (Copyright Act does not protect ideas that underpin protected expression).[5]

Plaintiff's claims  seek recovery for the theft of the features and functionalities of its Conduct Manager.  This information is illustrated in the Symplicity generated Maxient.docx document discovered by the FBI on Symplicity's computers in conjunction with its federal investigation.  The Maxient.docx document does not contain copyrightable source code or copyrighted material of Maxient, but rather uncopyrightable descriptions of how Conduct Manager functions and operates.  The document reveals that Symplicity stole Maxient's confidential and proprietary information and trade secrets.  The following is a broad summary of features and functionalities of Maxient's systems and Maxient trade secrets that Symplicity included in its Maxient.docx document:[6]

---

[5]     Maxient has no registered copyrights.  *See* Exhibit 4 (United States Copyright Office electronic search results for registered Maxient copyrights).

[6]     This Motion uses broad descriptions so as not to disclose the actual trade secrets themselves.

- Pages 1-16 and 17-32 are effectively play-by-play descriptions of the features, methods, and procedural enhancements to Conduct Manager.  While many of the explanations are general in nature, it documents hotly-requested changes or previous problems that are important to Maxient's subscribers.

- Pages 1 & 59-61 describe Maxient's unique process for tracking "Clery-reportable" offenses[7] and methods for distributing sanction alerts to necessary university contacts concerning same.  These pages also describe Conduct Manager's functionality regarding emails and alerts, as well as options available to users in connection with same.

- Pages 63-65 & 81-84 contain a very detailed explanation of Maxient's method for routing incident reports and certain procedures for schools to create rules.  With an understanding of this feature, Defendants could devise a similar one and significantly enhance the functionality of their program.

- Page 79 contains a description of some of the fields Maxient offers for public reporting.

- Pages 68-109 contain a detailed explanation of the unique processes available to users to build certain templates within the system, and an explanation of certain functions depending upon certain factors.

- Pages 67-68 contain step-by-step procedures regarding how Maxient manages records related to behavioral concerns (known in the industry as "BIT/CARE" cases) and suggestions on how to best handle them within the software.

- Pages 70-77 contain an explanation of the system and procedure for extracting certain data out of Conduct Manager for the purpose of certain reporting.  With this information, Defendants could glean an understanding of the underlying data architecture of Conduct Manager.

- Pages 33-34 contain details regarding the process creating new records in Conduct Manager under certain circumstances.

- Pages 70-77 contain an explanation of Maxient's method for managing case data elements.

- Page 36 contains details concerning the method by which one screen interacts with another in the Maxient workflow.  These screen shots exemplify the logical workflow of how Conduct Manager operates based on a user's interaction.

---

[7]     "Clery-reports" refer to an annual security reports that must be submitted by institutions of higher learning which receive funding from the U.S. Dept. of Education (essentially all institutions). (*see e.g.* 20 U.S.C. § 1092 (f)).

- Pages 38-42 reveal the manner in which Maxient allows end users to search for certain information, including Maxient's available searching methods.

- Pages 44-45 detail the Maxient process by which Conduct Manager handles a single hearing for any given case, as well as the tracking of a case status.

- Pages 47-48 & 54 provide screenshots showing how Conduct Manager operates with regard to its features and functionalities.

The Maxient.docx document contains detailed information about Maxient's new and key features, planned upgrades, and layout of the software, as well as illustrative examples of how the software operates and functions.  The information contained in the Maxient.docx document does not include or relate to copyrighted works.  To the contrary, the information contained therein constitutes Maxient's confidential, proprietary and trade secret information and is designated accordingly: "The information contained on these pages is privileged and confidential information intended solely for the individual or entity who has accessed it for official purposes and by lawful means.  *See* Exhibit 1 at 6.

Notably, Defendants' Notice of Removal does not address the Maxient.docx document. Instead, the Notice of Removal states that this Court has original jurisdiction under the Copyright Act "which preempts state law claims based on a defendant's access and ***copying of a plaintiff's computer program or software***."  Defendants' Notice of Removal at 2 (Dkt. No. 1) (emphasis added).  However, Plaintiff's allegations do not involve assertions that Defendants actually copied Plaintiff's computer program or software — nor could they — since Defendants were not privy to Maxient's source code, which could be subject to copyright protection.[8]  ***Indeed, the***

---

[8] None of the Complaint's paragraphs cited in the Notice of Removal support the statement that Plaintiff is alleging copying of its computer program or software.  *See* Notice of Removal at ¶ 6.  The only paragraph of the Complaint cited in the Notice of Removal that mentions software explicitly is paragraph 76.  However, even a cursory examination of paragraph 76 shows that the

***word copyright does not appear anywhere in the Complaint***.  *See* Exhibit 1.  Instead,

Defendants took computer data and used their unauthorized access to Maxient's system to

understand and incorporate the valuable trade secrets involving Maxient's key features and

functionalities.  While not copyrightable, the knowledge of the features and functions available is

a valuable trade secret that Defendants stole.

Plaintiff's Complaint asserts that Defendants stole "detailed information about Maxient's

new and key features, planned upgrades, layout of the software, and key screen shots," as

contained in the Maxient.docx document.  *See* Exhibit 1 at 6.  None of the four concepts asserted

in the Complaint were alleged to be subject to the Copyright Act.  First, "new and key features,"

while an economically critical trade secret, is not expression subject to copyright.  The same

holds true with the second category, "planned upgrades."  Both of these are ideas or concepts,

while constituting valuable trade secrets, cannot themselves be copyrighted.  With respect to the

layout of the software or screen shots, these illustrate ***how*** the features and functionalities operate

in Plaintiff's product.[9]  Such methods of operation are not protectable expression under the

copyright law.

---

Notice of Removal's argument has no merit. Paragraph 76 is nothing more than a statement that
Defendants' conduct alleged throughout the Complaint violated Va. Code § 18.2-152.4.  The
very next paragraph explicitly states that the material stolen was "computer data," not the
software itself.

[9]      Plaintiff also has asserted claims that Defendants Symplicity, Friedler and Dhir's
decrypted passwords of former Symplicity clients in order to gain illegal access to Maxient's
system.  Passwords are not the subject of copyright laws. *See* Exhibit 3, Compendium §§
313.3(A), 313.4(C) (simple phrases, ideas, methods of operation, including formulas, algorithms,
or equations, are not protected by copyright).

## C. All Of Plaintiff's State Claims Have Different Elements Than A Copyright Infringement Claim And Are Therefore Not Preempted

The Copyright Act does not preempt claims where the "general scope" requirement is not met, *i.e.* where state law does not seek to vindicate "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106." 17 U.S.C. § 301(a).  As the legislative history of the Copyright Act provides, state law claims based on "unfair competition … are not … preempted under § 301…."  H.R. Rep. No. 101-514, at 21 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6915, 6931.  The law in this Circuit is clear that when an extra element of an offense is required the state law cause of action is not subject to preemption.  *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225, 229-230 (4th Cir. 1993) ("However, "if an 'extra element' is 'required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, … there is no preemption'") (internal citations omitted); *see also Logan Developers, Inc. v. Heritage Bldgs., Inc.*, 7:12-CV-323, 2013 WL 5460757 (E.D.N.C. Sept. 30, 2013) (citing *Rosciszewski*).

This is consistent with the legislative history which affirms "[t]he evolving common law rights of ... trade secrets ... would remain unaffected as long as the causes of action contain elements, such as ... a breach of … confidentiality, that are different in kind from copyright infringement," and that "state law should have the flexibility to afford a remedy . . . against a consistent pattern of unauthorized appropriation by a competitor of the facts . . . constituting 'hot' news, whether in the traditional mold of International News Service . . . ***or in the newer form of data updates from scientific, business, or financial data bases.***"  H.R. Rep. No. 94-1476, at 132 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659 at 5748 (emphasis added); *accord Chicago Board Options Exchange,* 973 N.E.2d 390, 398-99 (Ill. 2012).

In this case, none of Plaintiff's claims are subject to preemption because: 1) none of the materials stolen by Defendants are within the scope of the subject matter of copyright; and 2) the rights granted under state law are not the equivalent of the exclusive rights set forth in federal copyright law or, in other words, each state law claim contains additional elements to establish liability.

**1. The Computer Fraud Count Under Virginia Code § 18.2-152.3 And The Computer Trespass Claim Under Virginia Code § 18.2-152.4 Contain The Extra Element Of Employing False Pretenses To Access Computers Systems**

Plaintiff's second claim (Computer Fraud – Virginia Code §18.2-152.3) ("Computer Fraud") and third claim (Computer Trespass – Virginia Code §18.2-152.4) ("Computer Trespass") are not preempted because they allege extra elements not set forth under federal copyright law.  Namely, Plaintiff alleges elements that deal with the Defendants acting in a purposefully deceitful and deceptive manner.  *See Capital Concepts, Inc. v. The Mountain Corp.*, No. 11-36, 2012 U.S. Dist. LEXIS 182874, 2012 WL 6761880,  *19 (W.D. Va. Dec. 30, 2012) (stating that in *Cvent* the court found there was no copyright preemption for an unjust enrichment claim when the claim was based on ***unauthorized*** scrapping of Cvent's product because it was based on ***theft*** of copyrightable ideas) (citing *Cvent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d 936-937 (E.D.Va. 2010) (emphasis added); *Chalfant v. Tubb*, 453 F. Supp. 2d 1308, 1319-20 (N.D. Okla. 2006) (finding there was no preemption "based on plaintiffs' allegations that defendants' conduct went beyond mere appropriation of copyrighted material and included elements of ***deceptive behavior***") (emphasis added); *Montage Group v. Athle-Tech Computer Sys.,* 889 So. 2d 180, 192 (Fla. Dist. Ct. of App., 2d Dist. 2004) (finding no copyright law preemption when plaintiff's "claim for unjust enrichment was based on DES' ***improper*** acquisition of the source code from Montage.") (citing *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1304-05) (D.C. Cir. 2002) (emphasis added).

15

Plaintiff's Computer Fraud claim alleges the element that Defendants' actually employed *false pretenses* to access and use Plaintiff's system.  *See* Va. Code §18.2-152.3; Exhibit 1 at ¶¶ 70-71.  The VCCA's requirement of demonstrating the actual use of false pretense is a significant element entirely absent from the Copyright Act.  Indeed, "[t]he Copyright Act does not require that the infringer know that he is infringing or that his conduct amount to a willful violation of the copyright owner's rights…."  *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004).  Quite simply, the VCCA Computer Fraud Claim requires *actual false pretenses* while the Copyright Act is a strict liability statute.  Accordingly, preemption does not apply as there is clearly an extra element.

In 739 F.Supp.2d 927 (2010), the Court addressed this exact issue.  The Court noted that the VCCA had recently been amended to require proof that a defendant actually committed larceny, false pretenses, embezzlement, or conversion.  However, the *Cvent* court treated the computer fraud count as preempted because the complaint was devoid of specific facts giving rise to the new element, false pretenses.  *Id.* at 935.

This case is the exact opposite.  The *Cvent* court strongly suggests that had false pretenses been adequately pled, as here, then no preemption would have occurred.  Plaintiff has included detailed allegations demonstrating false pretenses including allegations that Defendants illegally used decrypted passwords of former clients to gain access to Plaintiff's systems and used "TOR" to hide their activities.  Exhibit 1 at ¶¶ 20, 22, 23, 24, 26, 27, 28, & 35.  Indeed, the Complaint attached the Statement of Facts and Plea Agreements signed by Defendants Friedler and Dhir.  *See* Exhibits A, B, D, & E to Complaint.  In these documents, Defendants Friedler and Dhir detail the false pretenses they used to obtain access to Plaintiff's confidential and proprietary information and trade secrets.

16

Similarly, Plaintiff's Computer Trespass claim alleges that Defendants, with ***malicious intent***, used a computer without authorization to make an ***unauthorized*** copy of computer data residing in Maxient's secured computers.  *See* Va. Code §18.2-152.4; Exhibit 1 at ¶¶ 76-77. There are ample allegations contained in the Complaint and its exhibits to support the malicious intent requirement of this section of the VCCA, including descriptions of repeated attempts to gain access through decrypting the passwords of Plaintiff's customers.[10]  In stark contrast, there are no requirements in a copyright claim that a defendant have malicious intent to make an unauthorized copy; instead, the law of copyright liability takes no cognizance of a defendant's knowledge or intent. *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 271 F. Supp. 2d 737, 746 (D. Md. 2003) (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 307 (2d Cir.1963). Vicarious liability attaches regardless of either: "An infringer of a copyright copies at [its] peril, and an intent to infringe or knowledge of infringement is not necessary in determining liability."  *Id.* (citing *Morser v. Bengor Prods. Co.,* 283 F.Supp. 926, 928 (S.D.N.Y.1968)).

Further, the core of Plaintiff's trespass claim is the invasion by Defendants into Maxient's secured computers and secured networks without authorization.  This is distinct from a copyright claim.  *College of Charleston Foundation v. Ham,* 585 F.Supp.2d 737, 749-50 (D.S.C. 2008) (finding a trespass claim was not preempted by the Copyright Act because a core element of such a claim is physical invasion without permission).  This is because "[t]he right to exclude others from using physical personal property is not equivalent to any rights protected by copyright and therefore constitutes an extra element that makes trespass qualitatively different

---

[10]     For example, Defendant Friedler stated in his Statement of Facts that he, and the other individual defendants, "each knowingly and intentionally conspired and agreed together and with each other, and with others, to commit an offense against the United States, that is, to knowingly and intentionally access a computer without authorization, and thereby obtain information from a protected computer, and the offense was committed for purpose of commercial advantage and private financial gain…"  *See* Exhibit A to Complaint at ¶ 8.

from a copyright infringement claim." *eBay, Inc. v. Bidder's Edge, Inc*., 100 F. Supp. 2d 1058, 1072 (N.D. Cal. 2000).

In addition to the fact that the Complaint in this case contains extra elements not present in a copyright case, the VCCA's computer fraud and computer trespass claims also are not subject to preemption because none of the materials that were stolen by Defendants were within the scope of the subject matter of copyright law.  As described above, the materials at issue involved functionality and features – not expressive works.  While the Complaint has numerous allegations describing Defendants' actual use of false pretenses and their malicious intent, the Complaint never alleges that these materials were copyrighted.  Defendants have failed to meet their burden for removal with respect to these two counts.

### 2. The Encryption Used In The Criminal Activity Count Under Virginia Code § 18.2-152.3 Is Not Preempted Because It Contains The Extra Element Of Using Encryption Technology To Decrypt Otherwise Unintelligible Data

Plaintiff's fourth claim (Encryption used in Criminal Activity – Virginia Code §18.2-152.15) also contains an element qualitatively different from any elements of copyright infringement under Section 106 of the Copyright Act, namely the use of encryption technology to decrypt otherwise unintelligible data.[11]  *See* Exhibit 1 at 15.  This takes Plaintiff's fourth claim outside of the realm of copyright law, even if the decryption had been used to reproduce and distribute Plaintiff's copyrighted material.  *See, e.g., Bollea v. Clem*, No. 13-1, 2013 U.S. Dist. LEXIS 44625 (M.D. Fla. Mar. 27, 2013) (remand of invasion of privacy claim was proper

---

[11]     The Complaint contains numerous allegations that the Defendants decrypted otherwise unintelligible data as required by this section of the VCCA.  Exhibit 1 at ¶¶ 22, 26, 27, 28, 81-85.  In fact, Defendant Friedler admitted in his Statement of Facts that the Defendants had used decryption technology in their efforts to obtain Plaintiff's confidential and proprietary trade secrets.  Exhibit A to Complaint at ¶¶ 9, 16, 17, 18, 20, 24, 25, 26, 27, & 28.  Defendant Dhir has made similar admissions.  Exhibit B to Complaint at ¶¶ 12, 13, 14, 16, 20, 21, 22, 23, & 24.

despite copyrightability of videotape reproduced and distributed by defendant because privacy claim had extra element of bringing offensive publicity to plaintiff's private sexual matters).[12]

### 3.   <u>Count I For Misappropriation Of Trade Secrets Is Not Preempted</u>

Plaintiff's Count I (Misappropriation of Trade Secrets) is clearly not preempted as Defendants do not argue in the Notice of Removal that Count I is subject to the Copyright Act. This is consistent with binding precedent.[13]

---

[12]      The encryption count also is not subject to preemption because the materials Defendants admitted that they stole were not within the scope of the copyright laws.  The Notice of Removal states that Plaintiff alleges that Defendants violated the VCCA by "unlawfully accessing and copying Plaintiff's computer software."  Notice of Removal at ¶ 6.  As discusses above, the Maxient Document does not include computer software and there is no indication that copyrighted materials were stolen.  Importantly, neither Friedler's nor Dhir's Statement of Facts state that Defendants stole "Plaintiff's computer software."  Unless Defendants were not completely truthful in the their plea agreement documents, there is no basis to indicate that the software itself was stolen.

[13]      A trade secrets claim survives federal preemption because the element of improper means distinguishes the claim from one of mere use of federally-protected intellectual property.  *See* 996 F. 2d at 660 (stating that "[t]he essential element of a misappropriation claim is the 'abuse of confidence or impropriety in the means of procurement.' .... [b]ecause [Plaintiff's] claim for trade secret misappropriation requires proof of a breach of trust or confidence, § 301 does not preempt the claim"); *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 230 (4th Cir.1993) (citing misappropriation of trade secrets as an example of a claim that is qualitatively different from a copyright infringement claim); *Computer Assocs. Int'l Inc. v. Altai, Inc.*, 982 F.2d 693, 716-17 (2d Cir. 1992) (stating "many state law rights that can arise in connection with instances of copyright infringement satisfy the extra element test, and thus are not preempted by section 301. These include unfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties *and trade secrets*.") (emphasis added) (citing *Balboa Ins. Co. v. Trans Global Equities,* 267 Cal.Rptr. 787, 793-803 (Cal. Ct. App. 3rd Dist.), *cert. denied*, 111 S.Ct. 347 (1990)); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549-50 (11th Cir. 1996) (noting that even though the court held that plaintiff adequately stated copyright infringement claim based on copying of its computer software, it expressed "no doubt" that a "trade secret statute … satisfies the 'extra element' test generally employed by courts in performing copyright preemption analysis."); *All Pro Sports Camp, Inc. v. Walt Disney Co*., 727 So.2d 363, 367 (Fla. Dist. Ct. App., 5th Dist., 1999) (holding that even though defendant had previously won summary judgment against plaintiff's copyright infringement claim based upon same course of conduct, plaintiff's "claims for misappropriation of trade secrets, breach of implied contract, and breach of confidential relationship … [were] not preempted by the Copyright Act") (citing *Altai*, 982 F.2d 693; *Bateman*, 79 F.3d 1532).

**4. Plaintiff Has Not Pled A Copyright Claim, Copyrightable Materials Are Not At Issue, And The Case Law Supports Remand**

As described in detail above, the materials that were stolen by Defendants were not copyrightable.  Indeed, Plaintiff never obtained a copyright registration from the Copyright Office (*see* Exhibit 4), and the materials stolen involve the features and functionalities of the software – not copyrightable expression.  In fact, the Complaint does not even contain the word "copyright."  The Notice of Removal erroneously states that Plaintiff has alleged that Defendants copied the computer program – when no such allegations have been made and which are contrary to the Statement of Facts signed by Defendants Friedler and Dhir.  Furthermore, Defendants have refused to explain what they actually contend is subject to a copyright.  *See* Exhibit 2.  As such, Defendants have not met their burden to establish removal.

Besides the obvious absence of a copyright, the *Rosciszewski* case Defendants rely upon in the Notice of Removal does not stand for the proposition that all claims under the Virginia Computer Crimes Act are preempted by the Copyright Act.  First, as noted above, the *Rosciszewski* case stands for the proposition that whenever there are extra elements of proof the state law claim is not subject to preemption.  *Rosciszewski,* 1 F.3d at 229-230.  Second, unlike here, in *Rosciszewski* the plaintiff specifically alleged that the defendant copied a copyrighted computer program.  *Id.* at 227-28, 230 & 232.  In addition, in *Rosciszewski* "the parties [did] not dispute that computer programs, like the one at issue [there], are within the subject matter of copyright…" *Id.* at 229.  In this case, Plaintiff has not alleged Defendants copied Plaintiff's computer program, and certainly not a copyrighted computer program, nor has Plaintiff claimed that Defendants stole any copyrighted materials. Plaintiff has alleged decryption of passwords, theft of "services," computer trespass, misappropriation of methods/formulas/patterns/program data as to marketing updates, and unfair competition, rather than literally copying copyrighted

materials as in *Rosciszewski*.  (Exhibit 1 at p. 12-15).  Even a cursory examination of the

Maxient.docx document makes clear that no computer code or copyrighted material was stolen.[14]

Third, in this case there are numerous plausible allegations of false pretenses, malicious

intent, and/or computer hacking/decrypting, which is entirely absent in *Rosciszewski* and

subsequent E.D.V.A. cases.  *See, e.g., Rosciszewski,* 1 F.3d at 228 (no fraud or hacking occurred

in case because victim's own employees accessed victim's computer system and took copies of

victim's other proprietary works; terms "fraud" and "hacking" do not appear in the Fourth

Circuit's opinion); *Cvent*, 739 F. Supp. 2d at 935, 932 ("[T]he material that Eventbrite is alleged

to have scraped from Cvent's website is publicly available, and Eventbrite was thus authorized to

access it…. At no point does the complaint plead specific facts giving rise to a plausible

inference of larceny, false pretenses, embezzlement, or conversion, as required by the plain text

---

[14]       In addition, it is important to note that the Fourth Circuit in *Rosciszewski* assumed that a state statutory claim raising copyright issues would "arise under" federal law for purposes of 28 U.S.C. 1331, whereas the Supreme Court has since stated that a different test applies to determine complete preemption.  *Rosciszewski*, 1 F.3d at 230-33.  In *Gunn v. Minton*, the Supreme Court held that state-law malpractice claims against a patent attorney did not "arise under" federal law simply because the attorney could interpose patent law doctrines in defense of his handling of the case.  *Id.* at 1067-68.  The Court held that neither the state court's need to resolve matters of "patent law," nor "federal courts' greater familiarity with patent law," nor the preclusive effect of state court adjudications of patent issues on federal rights meant that the state-law claim arose under federal law.  [*Gunn v. Minton*, 133 S.Ct. 1059, 1067-68 (2013)].  The rule of *Gunn v. Minton* is therefore that where "the complaint relies entirely on state law, and although [defendant] contends that federal law is material to the suit, the existence of a federal issue rarely allows removal."  *Hartland Lakeside Joint No. 3 School Dist. v. WEA Ins. Corp.,* 756 F.3d 1032, 1033 (7th Cir. 2014)(citing *Gunn v. Minton*, 133 S.Ct. 1059); *see also Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 8-9 (1st Cir. 2014) (where federal law "does not completely preempt local-law claims relating to [federal rights or rules," then "the removal of this case to federal court cannot be justified on the basis of complete preemption" and *Gunn v. Minton* provides that the federal forum should not "'disturb[]balance of federal and state judicial responsibilities'") (quoting *Minton*, 133 S. Ct. at 1065); *Hilyard v. Medtronic, Inc.*, 2014 WL 1846106, at *4-5 (E.D. Mo. May 08, 2014) (no preemption jurisdiction under *Gunn v. Minton* even though "Defendants argue that plaintiff's state-law claims raise substantial federal issues, because, to avoid preemption of those claims, plaintiff must allege specific violations of federal requirements.").

of the VCCA.").  Importantly, the *Cvent* court noted that the plaintiff in that case had not pled

"specific facts giving rise to a plausible inference of larceny, false pretenses, embezzlement, or

conversion, as required by the plain text of the VCCA."  *Id.*  In other words, the extra elements

required by the statute were absent.[15]  In stark contrast, the Complaint in this case includes

numerous allegations that Defendants actually used false pretenses and committed crimes to

obtain Plaintiffs' trade secrets and confidential and proprietary information.  Indeed, the exhibits

to the Complaint include the Statement of Facts signed by the individual defendants in

connection with their plea agreements with the government.  See Exhibit 1.  Citing to, and

attaching, plea agreement documents is a far cry from failing to plead specific facts that give rise

to a plausible inference.

    Moreover, the Court has consistently looked to the substance of a complaint when

determining preemption.  In *State Analysis, Inc. v. American Financial Services Assoc.,* 621

F.Supp.2d 309 (E.D.V.A. 2009), the Court noted that the plaintiff in that case had "consistently

alleged facts relating to the plaintiff's copyright ownership and the defendant's alleged

infringement."  *Cvent, Inc. Eventbrite,* 739 F.Supp.2d 927, 935 (E.D.V.A. 210) (discussing *State*

*Analysis* and noting that its facts were indistinguishable from *State Analysis*).  Unlike *State*

*Analysis* and *Cvent*, the Complaint in this action does not allege copyright ownership or

infringement.  In fact, no registered copyright exists, and the materials stolen are

uncopyrightable.  The substance of this case is very different from a copyright matter -- this is a

trade secrets case – not a copyright case.

---

[15]    The VCCA has been amended since the *Rosciszewski* decision to require that a defendant
"***actually commit*** larceny, false pretenses, embezzlement, or conversion to be liable."  *Id.*  at 934
(emphasis added).

## REQUEST FOR ATTORNEYS FEES AND COSTS

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Maxient requests the Court award it costs and attorneys' fees attributed to Defendants' improper attempt to remove this case to Federal Court. "An award of costs and fees" is appropriate when the defendant "lacked an objectively reasonable basis for seeking removal." *Fastmetrix, Inc. v. ITT Corp.*, 924 F. Supp. 2d 668, 676 (E.D. Va. 2013) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). There was no objective or other basis for filing the Notice of Removal and Plaintiff should be awarded all attorney's fees and costs incurred in prosecuting this Motion.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant this Motion in its entirety, remand the case back to the Arlington County Circuit Court, Virginia, and award Plaintiff all attorney's fees and costs incurred in prosecuting this Motion.

**DATED:  September 26, 2014**                    **Respectfully submitted,**

**MAXIENT, LLC**
**By counsel,**

_____/s/_____
Bernard J. DiMuro, Esq. (VSB # 18784)
Stephen L. Neal, Jr., Esq. (VSB #87064)
M. Jarrad Wright, Esq. (VSB #68814)
Taylor S. Chapman, Esq. (VSB # 81968)
*Counsel for Plaintiff Maxient LLC*
**DIMUROGINSBERG**, PC
1101 King Street, Suite 610
Alexandria, Virginia  23314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
E-mails: bdimuro@dimuro.com;
sneal@dimuro.com; mjwright@dimuro.com;
tchapman@dimuro.com.


William M. Parrish, Esq. (*pro hac vice* admission pending)
John D. Saba, Esq. (*pro hac vice* admission pending)

Gabriel Gervey, Esq.  (*pro hac vice* admission pending)
*Of-Counsel for Plaintiff Maxient, LLC*
**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2630
Facsimile: (512) 539-2627
E-mails: bparrish@dpelaw.com; jsaba@dplaw.com;
ggervey@dpelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of September, 2014, a true and accurate copy of the

foregoing was electronically filed with the Court using the CM/ECF system, which will send a

notice of electronic filing upon the following counsel of record:

David W. O'Brien, Esq.
Daniel T. Campbell, Esq.
Aryeh Portnoy, Esq.
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2850
Facsimile: (202) 628-5116
E-mails: dobrien@crowell.com; dcampbell@crowell.com; aportnoy@crowel.com.

*Counsel for Defendants*

/s/
Bernard J. DiMuro, Esq. (VSB # 18784)
Stephen L. Neal, Jr., Esq. (VSB #87064)
M. Jarrad Wright, Esq. (VSB #68814)
Taylor S. Chapman, Esq. (VSB # 81968)
*Counsel for Plaintiff Maxient LLC*
**DIMUROGINSBERG**, PC
1101 King Street, Suite 610
Alexandria, Virginia  23314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
E-mails: bdimuro@dimuro.com;
sneal@dimuro.com;
mjwright@dimuro.com;
tchapman@dimuro.com.
