**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **Maxient, LLC,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**Symplicity Corporation,** *et al.*, )<br>)<br>    **Defendants.** )<br>) | **Civil Action No. 1:14-cv-1184<br>(AJT/IDD)** |

**REPLY MEMORANDUM IN SUPPORT OF
<u>MOTION TO REMAND TO STATE COURT</u>**

Plaintiff Maxient, LLC ("Plaintiff" or "Maxient"), by and through its undersigned counsel, respectfully submits this Reply Memorandum in support of its Motion to Remand to State Court ("Motion" or "Motion for Remand"), and respectfully states as follows:[1]

***First***, part of the preemption analysis in support of Plaintiff's Motion for Remand includes the "extra elements" which set Plaintiff's State law claims apart from general copyright infringement claims. Defendants, however, fail to address the distinctions and instead argue that the claims cannot be plausible in light of the factual allegations. Defendants' Opposition at 4 (ECF No. 23) ("Defs.' Opp."). Whether Plaintiff's State law claims are considered in conjunction with the factual allegations or whether they are considered apart from them, each State law claim contains a separate element over and above the elements of a copyright infringement. For this reason alone remand is proper.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Memorandum in support of Maxient LLC's Motion to Remand to State Court (the "Memorandum").

1

*Second,* Defendants argue that Plaintiff's VCCA claims "are *completely* preempted by the federal Copyright Act, 17 U.S.C. §101, *et seq*." Defs'. Opp at 1 (emphasis added). However, this assertion overreaches in that it assumes that the subject matter of copyright must always equate to that of the VCCA State law claims. While the "subject matter of copyright" is defined by the Copyright Act to be "original works of authorship fixed in any tangible medium of expression," the same Act *expressly excludes* processes, systems, methods of operations and other features that concern the VCCA and trade secrets law: "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." *See* 17 U.S.C. § 102. The subject matter concerning copyright claims is fundamentally different than that which concerns the State law claims at issue in this case. Notably, Defendants hacked into Plaintiff's systems, not to copy source code, but rather to obtain "Maxient *features* to add." *See* Motion for Remand (ECF No. 17) at 3. While preemption may be appropriate where a plaintiff alleges both federal copyright claims and State law claims for copying copyrighted material, in this matter Plaintiff has only asserted State law claims to recover for stolen features and functionality – which is expressly precluded from copyright protection.

*Third*, Defendants have failed to meet their heavy burden for removal: "defendants seeking removal under the doctrine of complete preemption bear a significant burden. They must establish congressional intent to extinguish similar state claims by making the federal cause of action exclusive. And as we must construe removal strictly, reasonable doubts must be resolved against the complete preemption basis for it." *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005) (citation omitted). Courts must "narrowly interpret removal jurisdiction because the

removal of proceedings from state courts raises 'significant federalism concerns.'" *Id*. The Court "must construe removal strictly" and "any reasonable doubts must be resolved against the complete preemption basis for it." *Id*. Here, Defendants have failed to meet their "significant burden."

## I. THE VCCA PROVISIONS AT ISSUE ADDRESS QUALITATIVELY DIFFERENT CONDUCT THAN THE COPYRIGHT ACT

The Copyright Act does not preempt any of the three sections of the VCCA under which Plaintiff claims redress, "Computer Fraud," "Computer Trespass," and "Encryption used in criminal activity," because the relevant provisions of each of these causes of action require proof of Defendants' wrongdoing that is qualitatively different from copyright infringement. Va. Code §§ 18.2-152.3, 152.4, 152.15. Copyright law preempts State law causes of action where the "rights [State law] seeks to protect are 'equivalent' to the exclusive rights reserved to the owner of a copyright." *Trandes v Corp. v. Guy F. Atkinson, Co.*, 996 F.2d 655, 659 (4th Cir. 1993). "To determine whether a particular cause of action involves rights equivalent to those set forth in [17 U.S.C.] § 106, the copyright act, the elements of the causes of action should be compared, not the facts pled to prove them." *Id.* The Fourth Circuit has held:

> "[I]f an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, ... there is no preemption,' provided that 'the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim'"

*Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 229-30 (4th Cir. 1993) (quoting *Computer Assocs., Int'l*, 982 F.2d 693, 716 (2d. Cir. 1983) (further internal citation omitted.)) As noted below, each State code provision under which Plaintiff has sued contains an element that is qualitatively different than the elements of a copyright infringement claim.

3

### A. Computer Fraud – Section 18.2-152.3(1)

In relevant part, the VCCA's "Computer Fraud" prohibition, Va. Code § 18.2-152.3(1), requires Plaintiff to prove false pretenses as the means by which the Defendants "obtain[] property or services" in using "a computer or computer network without authority." Defendants fail to address why using false pretenses as the means to obtain trade secret information does not constitute the required "extra element." They instead engage in an extensive discussion of various cases in which the court examines both the facts alleged and elements underlying certain VCCA claims to determine which elements of the VCCA had relevance. Defs'. Opp. at 15-19.

In 2005, the Virginia Legislature amended Section 18.2-152.3 to require a plaintiff to prove use of false pretenses, as opposed to having the mere intent to use the same. Because of its targeted nature and the paramount role that the former intent element played in the decision, it appears that this legislative change was made in response to *Rosciszewski's* holding under a prior version of Section 18.2-152.3 that the plaintiff's claim in that case was preempted "to the extent that it [was] based on reproduction of the copyrighted computer program" at issue. *Rosciszewski,* 1 F.3d at 230. Focusing on this change, this Court in *Cvent, Inc. v. Eventbrite, Inc.* stated*:*

> The earlier version of the VCCA differed from the current version of the statute in one primary respect: the earlier version simply required proof that the defendant used a computer or computer network without authority and with the ***intent*** to obtain property or services by false pretenses, to embezzle or commit larceny, or to convert the property of another. *See id.* By contrast, the statute as amended in 2005 now requires that the defendant must ***actually commit*** larceny, false pretenses, embezzlement, or conversion to be liable. *See* Va. Code Ann. § 18.2–152.3 *et seq.*

*Cvent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d 927, 934 (E.D. Va. 2010). The VCCA's requirement of demonstrating the actual use of false pretense is a significant element entirely

4

absent from the Copyright Act. Indeed, "[t]he Copyright Act does not require that the infringer know that he is infringing or that his conduct amount to a willful violation of the copyright owner's rights…." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004). Quite simply, the VCCA Computer Fraud Claim requires **actual false pretenses** while the Copyright Act is a strict liability statute.

In *Rosciszewski,* the Fourth Circuit found that Section 18-153.3's then-third element, namely "the **intent** to ... [o]btain property or services by false pretenses; ... [e]mbezzle or commit larceny; or ... [c]onvert the property of another," did not "add an element qualitatively changing the state claim from one of unauthorized copying." *Id.* at 230 (citing prior Va. Code §§ 18.2-152.3 (emphasis added)). Defendants, however, fail to mention that *Rosciszewski* found preemption based upon the "intent" element noting that,"[a]n action will not be saved from preemption by elements such as awareness or intent, which alter the action's scope but not its nature." *Id.* (citing *Computer Assocs.*, 982 F.2d at 717 (further internal citations omitted)). Because Section 18.20-152.3(1) no longer requires merely intent, but now requires the additional element of using the **actual** means of false pretenses, *Rosciszewski* is no longer instructive on this issue.

In their Opposition, Defendants avoid any meaningful discussion of the *Cvent* case - a case decided by Judge Brinkema in 2010 (post-amendment) dealing with the issue at hand. 739 F. Supp. 2d at 927. In *Cvent*, the Court noted that the VCCA had recently been amended to require proof that a defendant actually committed larceny, false pretenses, embezzlement, or conversion. *Id.* at 934. However, the Court treated the computer fraud count as preempted because the complaint was devoid of specific facts giving rise to the new element - false pretenses. *Id.* at 935 ("At no point does the complaint plead specific facts giving rise to a

5

plausible inference of larceny, false pretenses, embezzlement, or conversion, as required by the plain text of the VCCA."). *Trandes* also supports this rationale. 996 F.2d at 660. In *Trandes,* the Fourth Circuit found that the Copyright Act did not preempt a trade secret misappropriation claim because that claim required unauthorized reproduction by "abuse of confidence or impropriety in the means of procurement." *Trandes*, 996 F.2d at 660 (emphasis added). Crucially the Fourth Circuit noted, "[i]t is the ***employment of improper means to procure the trade secret, rather than the mere copying or use***, which is the basis of [liability]"). *Id.* (citing Restatement (First) of Torts § 757) (emphasis added by the Court.)

This case is significantly different than *Cvent*. In *Cvent*, the Court strongly suggests that had false pretenses been adequately pled, as here, then no preemption would have occurred. Here, Plaintiff has included detailed allegations demonstrating false pretenses including allegations that Defendants illegally used decrypted passwords of former clients to gain access to Plaintiff's systems and used "TOR" to hide their activities. Exhibit 1 to Memorandum at ¶¶ 20, 22, 23, 24, 26, 27, 28, & 35. Indeed, the Complaint attached the Statement of Facts and Plea Agreements signed by Defendants Friedler and Dhir. *See* Exhibits A, B, D, & E to Complaint. In these documents, Defendants Friedler and Dhir detail the false pretenses they used to obtain access to Plaintiff's confidential and proprietary information and trade secrets.

Further, in amending Section 18.2-152.3(1) to focus on the false means by which the obtaining of a trade secret occurs, the Virginia Legislature has clarified that this violation concerns more than mere unauthorized reproduction, but rather the illegal means by which the unauthorized reproduction occurs. While it is true that, since the Virginia Legislature amended the VCCA in 2005, courts have found preemption of certain claims brought under VCCA Section 18-152.3, in each of those cases the plaintiff pursued a copyright claim and was not

6

actively pursuing a claim under 18-152.3(1) – the provision with the additional element requiring false pretenses. *See Cvent*, F. Supp. 2d at 935.

Importantly, the courts in those cases never ruled that the Copyright Act would preempt such a claim as a matter of law. In *State Analysis*, the plaintiff's briefing failed to address the above-described legislative change to the VCCA let alone its significance under *Trandes*. In both the *SecureInfo* and *State Analysis* cases, the defendants' briefing likewise failed to mention or continued to cite to the pre-2005 statute. *See, e.g.,* 2005 WL 5836942-43; 2009 WL 1245450. Moreover, as set forth below, the plaintiff filed each of those cases in federal court in order to pursue claims of copyright infringement and the accessed material at issue was actually copyrighted. That is not the case here.

In *SecureInfoCorp.,* plaintiff's Section 18-152.3 claim neither discussed as an element nor alleged the relevance of the means by which Mr. Berman, a non-defendant to the claim, accessed plaintiff's computer system to reproduce the software at issue. 387 F.Supp. 2d at 605. Also, like the original plaintiff in *Rosciszewski*, the plaintiff in *SecureInfo* brought a Section 18.2-152.3 claim as part of a suit predicated on the assertion that defendants infringed the plaintiff's copyrighted material. *Id.* at 602-603; *Rosciszweski*, 1 F.3d at 228. Accordingly, this lack of focus on false pretense reduced plaintiff's claim against the relevant defendants to one regarding the defendants unauthorized "use[,] copying and downloading," thereby permitting preemption. *SecureInfo*, 387 F.Supp. at 619. While this Court's decision in *SecureInfo* without comment cites to the language of the post-2005 amended statute, it bases its decision on *Rosciszewski* as if nothing had changed. *SecureInfo,* 387 F.Supp.2d at 619 ("Because the Fourth Circuit has held that allegations of unauthorized copying of software under the Virginia Computer Crimes Act are preempted by the Copyright Act, the Court grants Defendants' motion

to dismiss the Virginia Computer Crimes Act claim."). Therefore, plaintiff's VCCA claims in *SecureInfo* differ from the claims presented in Maxient's Complaint and Maxient's clear emphasis on Defendants' use of false pretenses to access Plaintiff's confidential and proprietary information and trade secrets.

Likewise in *State Analysis,* the plaintiff pursued a case based on simple conversion and not false pretenses. *See State Analysis's* Opp. Defs. Mot to Dismiss, 2009 WL 1245450 at *5 ("At this stage of the proceedings, based on the information available to StateScape and its present investigative results, StateScape is aware - and has alleged - that AFSA and KSE ***used its computer without authority to obtain and convert the property of StateScape***.") (emphasis added). In its briefing in opposition to defendants' motion to dismiss, the plaintiff only made cursory mention of false pretenses, alongside embezzlement and conversion in tracking the language of Section 18-152.3. *Id.* The plaintiff likewise failed to discuss the 2005 amendment or its significance – even in the face of the defendants' misstatement of the then-current state of Section 18-152.3. *See* State Analysis's Opp. Defs. Mot to Dismiss, 2009 WL 1245450 at *5. The defendants' briefing likewise failed to accurately mention any 2005 amendment and instead cites to *Rosciszewski's* discussion of intent as the alleged "extra element:"

> First, to the extent StateScape is characterizing these allegations as "elements" of their cause of action, this same argument was rejected by the Fourth Circuit in *Rosciszewski*. In so doing, the Court stated that the "third element of a [VCCA] violation, **'with the intent to ...** obtain property or embezzle or commit larceny; or... convert the property of another,' ***does not add an element qualitatively changing the state claim from one of unauthorized copying***." *Rosciszewski*, 1. F.3d at 230 (citing *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d at 717).

2009 WL 1707325 at 5 (emphasis added). Accordingly, in *State Analysis*, the Court did not hold that, as a matter of law, when a defendant violates Section 18-152.3(1) by using false pretenses, such a claim is preempted. Rather, in quoting the language from plaintiff's brief and the statute

8

regarding "false pretenses, embezzlement, and/or conversion," the Court rejected plaintiff's conversion-based claim. *State Analysis*, 621 F.Supp.2d at 319. The Court critically noted that plaintiff's conversion-based claim was nothing more than the copying of copyrighted material:

> The Complaint consistently alleges that "[e]ach of the reports generated by the StateScape proprietary database bears a copyright notice," Compl. ¶ 8, that "StateScape owns a copyright in the StateScape proprietary database in the organization of the information in a searchable format available in no other source," *id.* ¶ 30, and that "StateScape also owns copyrights in each of the bill summaries within the StateScape database that were original works of authorship," *id.* On those facts as pled by StateScape, it is difficult to see how any claim under the VCCA would contain any elements making it "qualitatively" different from the Copyright Act claims.

*Id.* at 320. Taken together, *SecureInfo* and *State Analysis* are too thin a reed on which to rest the preemption analysis of Section 18.2-152.3. Rather, the Court should recognize that it appears that the Virginia Legislature amended Section 18-152.3 in a specific response to *Rosciszewski* and instilled a qualitative difference between the VCCA and the Copyright Act when a defendant uses false pretenses.

### B. Computer Trespass – Section 18.2-152.4

Defendants fail to address squarely any of Plaintiff's arguments that Va. Code. § 18.2-152.4 contains the requisite "extra element" avoiding preemption by the Copyright Act, including the "invasion by Defendants into Maxient's secured computers and networks." Motion. at 17. Instead, in selectively citing footnote 2 of *Rociszewski*, Defendants conflate a holding regarding Section 18.2-152.3 with one regarding of Section 18.2-152.**4**, when the Fourth Circuit clearly limited its analysis to the former. *See* Defs.' Opp. at 17. The full footnote at issue reads:

> Rosciszewski also alleges numerous other ways in which Arete violated the Virginia Computer Crimes Act ***that are not pertinent to this discussion.*** For example, Rosciszewski alleges that Arete committed

9

>computer trespass in violation of § 18.2–152.4(6) of the Virginia Computer Crimes Act by using PDI's computer facilities without authority.

*Rociszewski*, 1 F.3d at 229, n.2 (emphasis added). The Fourth Circuit continued:

> ***While the ruling of the district court that all of the state-law claims alleged by Rosciszewski in Counts I, II, III, IV, VI, and VII were preempted is obviously erroneous***, we need not resolve whether each of these claims is preempted by § 301(a). Based on our conclusion in Part II.B. that the complete preemption doctrine applies, our decision that Rosciszewski's claim of unauthorized copying under § 18.2–152.3 of the Virginia Computer Crimes Act is preempted is sufficient to make removal of that claim proper. *See* 28 U.S.C.A. § 1441(b) (West 1973). The remainder of the claims were properly removed to the district court pursuant to 28 U.S.C.A. § 1441(c) (West Supp.1993).

*Id.*, n.3 (emphasis added). Defendants cite no case in which the Court has held that the Copyright Act preempts Section 18.2-152.4. The Court should accordingly find that Plaintiff's Computer Trespass claim survives preemption. *See, e.g.*, *Snap-on Business Solutions, Inc. v. O'Neil Associates, Inc.*, 708 F.Supp.2d 669, 680 (N.D. Ohio 2012) ("As discussed above, however, Snap-on also asserts that Defendant O'Neil trespassed upon its physical computer servers. This claim seeks relief outside the scope of the Copyright Act.")

### C. <u>Encryption Used In Criminal Activity – Section 18.2-152.15</u>

As amply set forth in Plaintiff's Complaint, Defendants not only decrypted passwords to obtain false pretenses to invade Maxient's systems, but they also used TOR to conceal the true origin of their own activity. *See, e.g.*, Compl. at ¶¶ 20-24, 27-28; *see also* Friedler Statement of Facts at ¶¶ 16-19, 25-27 (attached as Exhibit A to the Complaint); Dhir Statement of Facts at ¶¶ 11-14, 20-24 (attached as Exhibit B to the Complaint). Defendants do not make a serious attempt to dispute that Plaintiff's claim under Va. Code § 18.2-152.15 contains the "extra element" of "the use of encryption" that prevents preemption because it is qualitatively different from the

requirements of the Copyright Act. Defendants instead only mention "encryption" in passing alongside "malicious intent" and "unauthorized copying of computer data" in connection with *Rosciszewski*'s analysis of Section 18.3-152.3 – as if *Rosciszewski* addressed encryption and 18.3-152.15 as well. It did not. Again, in Section 18.2-152.15, the Virginia Legislature has prohibited a particular means of criminal activity – the use of encryption technology, an element clearly not required under the Copyright Act. Accordingly, the Court also should hold that the Copyright Act does not preempt Plaintiff's claim under Section 18.2-152.15.

## II.  THE COPYRIGHT ACT DOES NOT PREEMPT STATE LAW CLAIMS WHERE ONLY NON-COPYRIGHTABLE TRADE SECRET MATERIAL IS AT ISSUE

Maxient has neither alleged, nor seeks recovery for claims related to copyright infringement because Maxient is not aware that Defendants gained access to source code or any other copyrighted materials as a result of their admittedly criminal conduct. Rather, Defendants illegally gained access to Maxient's proprietary system to steal information on Maxient's key features and functionalities – which are not subject to copyright protection, but are trade secrets. This type of information is specifically exempt from protection under the Copyright Act. 17 U.S.C. § 102(b) (stating that "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in [a] work [of authorship]").

Defendants admit through their signed statements of facts in connection with their respective federal criminal prosecutions that the object of their criminal behavior concerned obtaining Maxient's competing features and functionalities:

- "[T]he defendant, ARIEL MANUEL FRIEDLER, together with A.D. and M.K., each knowingly and intentionally conspired and agreed together and with each other, and with others, to commit an offense against the United States, that is, to knowingly and intentionally access a computer without authorization, and thereby obtain information from a protected computer, and the offense was committed for purposes of commercial advantage and private financial gain…." Friedler Statement of Facts at ¶ 8 (attached as Exhibit A to the Complaint); *see also* Dhir Statement of Facts at ¶ 7 (attached as Exhibit B to the Complaint).

- "Companies providing SCRM systems derive their competitive edge from the design and *features* of the system, which they consider proprietary and confidential. As a result, they require clients or potential clients to sign agreements with non-disclosure provisions, and frequently file Freedom of Information Act requests to learn more about their competitors." Exhibit A to the Complaint at ¶ 7 (emphasis added); Exhibit B to the Complaint at ¶ 6.

- "While logged into Maxient's servers as "Employee B," defendant ARIEL MANUEL FRIEDLER reviewed Maxient's confidential and proprietary product design and manuals, and copied-and-pasted key proprietary and confidential information into a 110-page document and saved it as maxient.docx (the "Maxient Document") on a computer. The Maxient Document contained detailed information about *Maxient's new and key features, planned upgrades*, layout of the software, and key screen shots." Exhibit A to the Complaint at ¶ 21 (emphasis added); Exhibit B to the Complaint at ¶ 17 (Defendant Dhir providing the same explanation). Furthermore, "FRIEDLER and M.K. discussed which *features to add to their SCRM product,* in an email with the subject line "*Maxient features to add*." Exhibit A to the Complaint at ¶ 21 (emphasis added); Exhibit B to the Complaint at ¶ 18 (same).

- Email string from A. Friedler to staff months after intrusion stating: "*this is one of the only features maxient had we did not* … whole reason i wanted it built was for schools who may demo them and say how come symp doesnt have it… how can we ensure that everyone knows we have this capability [sic]?" *See* Position of the United States With Respect to Sentencing (attached as Exhibit C to the Complaint) at 2 (emphasis added).

Notably, the very first page of the Maxient.docx Document which Defendants created to assist with stealing Maxient's features and functionalities states, "[t]his screen represents a new way for us to keep you informed of system upgrades and changes that could impact your daily use. Anytime a modification is made to Maxient, our goal is to make a note of it here. ***This***

*includes new features, changes to existing features, planned upgrades*, and downtime or system issues should they arise." *See* Maxient Document at 1 (submitted for *in camera* review) (emphasis added). The information stolen and exploited by Defendants is what it proclaims to be – a listing of new features, changes to features, planned features and system issues – the exact type of information that is specifically excluded from copyright protection.

Defendants cite *Rosciszewski* for the proposition "that the Copyright Act completely preempt[s] state law claims under the VCCA." Defs.' Mem. at 6. *Rosciszweski* involved allegations concerning the copying of plaintiff's admittedly copyrighted computer program. *Rosciszewski*, 1 F.3d at 229. However, at issue in that case was the infringement of the plaintiff's *source code*. Appellants brief, 1993 WL 13013299 at 2 ("After gaining access to the computers containing copies of the ORBIS source code and other proprietary software and programs owned by or licensed to PDI, McLean and Aaronson produced copies, in violation of security regulations, of one or more versions of the ORBIS work and other proprietary works, including data and software classified under the National Security Laws of the United States, within the portable hard-disk memory unit they possessed, all on behalf of and at the direction of Appellees Arete, Fernandes, Mann and Martini."); *Id*. at 9 ("Plaintiff alleges that, on or about May 29, 1990, defendants caused two alleged Arete employees to make and obtain a copy of ORBIS from PDI's computers.").

Defendants further misdirect the Court from the trade secret materials at issue by pointing to the copyright mark affixed to Maxient's irrelevant, public-facing informational website, which is readily accessible without passwords. Plaintiff does not allege that, as part of the illegal scheme to which Defendants plead guilty, Defendants accessed Maxient's publicly available web site to learn more about the history of the company. Rather, Defendants accessed Plaintiff's

secure network and computer systems, which are separate from Maxient's public web site, using false pretenses to steal the trade secrets, proprietary and confidential information described in the Complaint.

The cases Defendant rely on fail for three reasons. First, in many of the cases, the plaintiffs actually alleged copyright infringement– which is not the case here. *Meridian Project Sys. v. Hardin Constr. Co LLC*, 2006 WL 1062070, at *1 (E.D. Cal. Case No. S-04-2728 FCD DAD April 21, 2006) (plaintiff alleged copyright infringement); *Ho v. Taflove*, 696 F.Supp.2d 950, 953 (N.D. Ill. 2010) (plaintiff alleged copyright infringement).

Second, the Defendants do not cite a single case in which the Court has found that the illegal access of only functionalities or features otherwise protected as trade secrets to be within the subject of copyright for preemption purposes.[2] *See* 17 U.S.C. § 301(b). Rather, Defendants' cases involved claims of access to either expressly copyrighted material or uncopyrightable material contained in clearly copyrighted or copyrightable material. *See Berge*, 104 F.3d at 1464-65 (publicly available doctoral thesis accessed bore copyright mark); *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1123 (N.D. Cal 2001) (plaintiff "reserve[d] the right to argue that the [computer] program is subject to copyright protection"); *College of Charleston Foundation v. Ham*, 585 F.Supp.2d 737, 748 (D.S. Car. 2008) ("Disputes over ownership, use, or distribution of photographs and images are properly the realm of federal copyright law."); *Nat'l Basketball Ass'n v. Motorola, Inc*., 105 F.3d 841, 845 (2d. Cir. 1997) (NBA asserted copyright in NBA

---

[2] Defendants cite to the allegation in paragraph 76 of the Complaint that mentions the word software. *See* Defs.' Opp. at 3, 11. However, even a cursory examination of paragraph 76 shows that Defendants are grasping at straws. Paragraph 76 is nothing more than a simple restatement of the actual statutory language. Va. Code § 18.2-152.4 ("Use a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, **computer programs or computer software** residing in…") (emphasis added). The very next paragraph explicitly states that the material stolen was "computer data," not the software itself.

game radio and telecasts as well as the underlying games); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 454 (6th Cir. 2001) (ideas and concepts about Chihuahua at issue "fixed in a tangible medium of expression, namely, storyboards and presentation materials furnished by Plaintiffs"). Even Defendants acknowledge as much insofar as they characterize their own cases as discussing "materials accessed and copied from protected sources," *i.e.* copyright-protected or protectable sources. Defs.' Opp. at 13. Importantly, the Defendants in this case allegedly did not copy Plaintiff's computer program or source code. Instead, they illegally accessed non-copyrightable trade secrets relating to functionality and features.

Third, courts have recognized that cases involving access to non-public trade secrets do not implicate copyright law. For example, central to the holding in *Berge*, that the Copyright Act must have preemptive effect regarding certain non-copyrightable intellectual property contained within copyrightable property, is the need to prevent State courts from undermining the Copyright Act by removing this intellectual property from the public domain, for example by recognizing conversion claims. *See Berge*, 104 F.3d at 1464-65 (noting that "what Berge fails to realize is that, as a general proposition, ideas are simply part of the public domain. … Berge wants to fence off the commons, but the only part she may rightly claim is the original expression of her ideas fixed in a tangible medium"). This logic is inapplicable to State case law protecting trade secrets stolen exclusively from other non-public and confidential sources because they are not part of the public domain – and the Fourth Circuit has recognized the States' authority to protect this intellectual property even if copyright does not. *Trandes*, 996 F.2d at 660. Berge critically could not allege that her ideas were trade secrets because they were publically available in her completed thesis, among other means. *See Berge*, 1 F.3d at 1456 (plaintiff's gave public discussions of the ideas contained her thesis, which bore a copyright

15

mark, her thesis was available at the University of Alabama-Birmingham for review by later students, and she submitted various proposed articles containing the ideas at issue for publication—all apparently without any confidentiality protections.); *see also Nat'l Basketball Ass'n,* 105 F.3d 841 at 845 (no allegation that the publicly available "scores or other data about NBA games" were trade secrets); *ProCD v. Zeidenberg*, 86 F.3d 1447, 1449 (7th Cir. 1997) (no allegation that extracted telephone numbers were trade secrets). Indeed, in five of Defendants' cases that they cite in support of their contention that Maxient's trade secrets are within the "subject matter" preempted by the Copyright Act, the court faced such a concern about conversion or similar claims that could remove copyrights from the public domain. In stark contrast, in *ProCD*, the Seventh Circuit actually found State law contract law was not preempted by the Copyright Act in part because it could be used to protect trade secret material not subject to copyright protection. 86 F.3d at 1454-55 (holding that "[t]o the extent licenses facilitate distribution of object code while concealing the source code (the point of a clause forbidding disassembly), they serve the same procompetitive functions as does the law of trade secrets"). In this case, the State law claims also relate to the protection of non-public trade secrets that do not implicate the preemption doctrine's need to protect the availability of materials in the public domain.

Finally, in *Capital Concepts*, the U.S. District Court for the Western District of Virginia held that "preemption does not apply to matters that are not copyrightable under 17 U.S.C §301":

> An unjust enrichment claim can survive preemption if defendants were enriched by "material beyond copyright protection." *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537-538 (E.D. Va. March 13, 2005).
>
> For example, in *Cvent*, the court found that a claim of unjust enrichment was not preempted when it was based on the defendant's "derivation of commercial benefit from its unauthorized scraping and repackaging of Cvent's products," because such an allegation "states a claim for relief that is separate and distinct

> from a claim for copyright infringement based upon the theft of [Cvent's] copyrightable ideas." *Cvent*, 739 F. Supp. 2d at 938.
>
> ***Here, it appears that the unjust enrichment claim is based on enrichment that includes both material protected by copyright, e.g., designs, and material that is not copyright protected, e.g., text and tag-lines. Because preemption does not apply to matters that are not copyrightable under 17 U.S.C. § 301, and Plaintiff's claim for unjust enrichment is not based exclusively on copyright subject matter, I will deny Defendants' motion for summary judgment on the ground that the claim is preempted by the Copyright Act….***

*Capital Concepts*, 2012 U.S. Dist. LEXIS 182874, 2012 WL 6761880, at *19 (citing *Cvent,* 739 F. Supp. 2d at 938 (emphasis added).

### III.  DEFENDANTS' HAVE FAILED TO MEET THEIR HEAVY BURDEN

Defendants have admittedly stolen trade secrets from Maxient as evidenced by the Maxient.docx document. This information consists of features and functionalities of Maxient's Conduct Manager. These features and functionalities are not copyrighted and indeed are not the subject of copyright protection. As stated in Plaintiff's Motion, Plaintiff's counsel has repeatedly conferred with Defendants' counsel in an effort to determine and understand what copyrightable material was allegedly stolen and the Defendants have refused to provide such information. Motion at 8-9. Indeed, Defendants have submitted a twenty-page opposition to this Court and still have failed to identify a single program, document or piece of data that they stole that is within the scope of the Copyright Act. Defendants admitted through signed statements of fact (attached to the Complaint) that they stole features and functionality, but never admitted to stealing any computer software or computer programs. Either Defendants failed to identify all of the materials that they stole from the Plaintiff in their statement of facts to the Court, or they never stole materials that fall within the scope of the Copyright Act. Only the Defendants know what they stole, and if the Defendants stole computer programs or software from the Plaintiff, we

welcome such an admission. "If federal jurisdiction is doubtful, a remand is necessary." *Lontz*, 413 F.3d at, 441.

## IV. <u>CONCLUSION</u>

For the reasons set forth above and in the Motion, Plaintiff respectfully requests that the Court grant this Motion in its entirety, remand the case back to the Arlington County Circuit Court of Virginia, and award Plaintiff all attorneys' fees and costs incurred in prosecuting this Motion.

**DATED: October 16, 2014**  **Respectfully submitted,**

**MAXIENT, LLC**
**By counsel,**

_/s/_
Bernard J. DiMuro, Esq. (VSB # 18784)
Stephen L. Neal, Jr., Esq. (VSB #87064)
M. Jarrad Wright, Esq. (VSB #68814)
Taylor S. Chapman, Esq. (VSB # 81968)
*Counsel for Plaintiff Maxient LLC*
**DIMUROGINSBERG**, PC
1101 King Street, Suite 610
Alexandria, Virginia 23314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
E-mails: bdimuro@dimuro.com;
sneal@dimuro.com; mjwright@dimuro.com;
tchapman@dimuro.com.

William M. Parrish, Esq. (admitted *pro hac vice*)
John D. Saba, Esq. (admitted *pro hac vice*)
Gabriel Gervey, Esq. (admitted *pro hac vice*)
*Counsel for Plaintiff Maxient, LLC*
**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2630
Facsimile: (512) 539-2627
E-mails: bparrish@dpelaw.com; jsaba@dplaw.com;
ggervey@dpelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October 2014, a true and accurate copy of the foregoing was electronically filed with the Court using the CM/ECF system, which will send a notice of electronic filing upon the following counsel of record:

David W. O'Brien, Esq.
Daniel T. Campbell, Esq.
Aryeh Portnoy, Esq.
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2850
Facsimile: (202) 628-5116
E-mails: dobrien@crowell.com; dcampbell@crowell.com; aportnoy@crowel.com.

*Counsel for Defendants*

                                          */s/*
                              Bernard J. DiMuro, Esq. (VSB # 18784)
                              Stephen L. Neal, Jr., Esq. (VSB #87064)
                              M. Jarrad Wright, Esq. (VSB #68814)
                              Taylor S. Chapman, Esq. (VSB # 81968)
                              *Counsel for Plaintiff Maxient LLC*
                              **DIMUROGINSBERG**, PC
                              1101 King Street, Suite 610
                              Alexandria, Virginia 23314
                              Telephone: (703) 684-4333
                              Facsimile: (703) 548-3181
                              E-mails: bdimuro@dimuro.com;
                              sneal@dimuro.com;
                              mjwright@dimuro.com;
                              tchapman@dimuro.com.