IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Maxient, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-1184 (AJT/IDD) |
| | ) | |
| Symplicity Corp., Ariel M. Friedler, | ) | |
| Alok K. Dhir, & Matthew Kelley, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The defendants removed this case from state court on the grounds that plaintiff's state law claims for misappropriation of trade secrets and computer fraud were completely preempted by the federal Copyright Act. The case is presently before the Court on Plaintiff's Motion to Remand to State Court [Doc. No. 16]. For reasons stated herein, the Court concludes that two of plaintiff's four challenged state law claims are not preempted by the Copyright Act, while two are preempted by the Copyright Act. The Plaintiff's motion to remand will therefore be GRANTED in part and DENIED in part.

### I. Background

Plaintiff Maxient LLC ("Maxient") and Defendant Corporation ("Symplicity") are Virginia-based companies that develop and provide competing web-based software to institutions of higher education for student conduct records management ("SCRM"). As alleged in the Complaint, Symplicity, acting through defendants Fiedler, its Chief Executive Officer, Dhir, its Chief Technology Officer, and Kelly, its Director of Sales, unlawfully accessed password protected confidential information that Maxient made available on its web-site based network to its SCRM software customers. Defendants' activities became the subject of a federal

1

criminal investigation and in May and June 2014, Defendants Friedler, Dhir and Kelly pled guilty to violating the Computer Fraud and Abuse Act, 18 U.S.C. §1030.

On August 12, 2014, Plaintiff filed its four count Complaint in the Circuit Court for Arlington County, alleging violations of the Virginia Trade Secrets Act, Virginia Code § 59.1-336 (Count I), and the Virginia Computer Crimes Act ("VCCA"), Virginia Code § 18.2-152.3 (Count II-computer fraud), Virginia Code § 18.2-152.4 (Count III- computer trespass) and Virginia Code § 18.2-152.15 (Count IV-unlawful use of encryption in criminal activity).  On September 8, 2014, Defendants' filed a Notice of Removal to this Court on the grounds that the Copyright Act, 17 U.S.C. § 301(a), completely preempted Counts II-IV.[1]  On September 26, 2014, Plaintiff filed a motion to remand this action to the Circuit Court for Arlington.  On October 17, 2014, the Court held a hearing on this motion, following which the Court took the motion under advisement.

## II. Standard of Review

There is a strong presumption against removal jurisdiction. *See Catepillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The removing defendant has the burden to establish a proper basis for removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *see also Lontz v. Tharp,* 413 F.3d 435, 441 (4th Cir. 2005) (removal jurisdiction must be construed strictly).   This burden is particularly heavy where removal is premised on the doctrine of "complete preemption."  Under that doctrine, "…if the subject matter of a putative state law claim has been totally subsumed by federal law—such that state law cannot even treat on the

---

[1] Defendants Notice of Removal asserts the Court's supplemental jurisdiction over the remaining state law claim (Count I), which was also removed pursuant to 28 U.S.C.§ 1367. *See* Doc. No. 1 at ¶ 7.

subject matter—then removal is appropriate." 413 F.3d at 439-40. "Defendants' burden, then, is to demonstrate that a federal statute indisputably displaces any state cause of action over a given subject matter." *Id.* at 440. To remove successfully under the doctrine of complete preemption, a moving defendant must therefore establish that Congress intended to extinguish the asserted state law claims by making the federal cause of action exclusive; and "...reasonable doubts must be resolved against the complete preemption basis for it." *Id.*

The Copyright Act provides that the exclusive remedy for a violation of the rights within the scope of a copyright.[2] Based on this express declaration of congressional intent, the Copyright Act can preempt certain state law claims, and therefore serve as the basis for removal. However, in order to determine whether a state law claim is preempted by the Copyright Act, there is a "... two-prong inquiry to determine when a state law claim is preempted: first, the work must be within the scope of the 'subject-matter of copyright' as specified in 17 U.S.C. §§ 102, 103, and second, the rights granted under state law must be equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997) (internal citations omitted).

### III. Analysis

Plaintiff contends that this Court does not have subject matter jurisdiction and therefore removal was improper. In this regard, it claims that none of its four counts is preempted by the

---

[2] Section 301(a) of the Copyright Act provides in pertinent part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright... in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright ... are governed exclusively by this title . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Copyright Act since even if they involve text that is within the scope of the subject-matter of copyright, they are based on state law claims that protect rights and interests that are not equivalent to those exclusive rights protected under the Copyright Act.  On the other hand, Defendants contend, relying centrally on *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225 (4th Cir. 1993), that under "black-letter Fourth Circuit law," Plaintiff's VCCA claims in Count II-IV, but not its trade secrets claim in Count I, are preempted under the Copyright Act because they all are based on an alleged access to and/or copying of Plaintiff's copyright protectable computer software, websites, manuals, information and data. *See* Doc. No. 23 at 4.  In that regard, Defendants contend that (1) the text Defendants copied from Plaintiff's password protected, client restricted network, as reflected in the Maxient Document, reflects aspects of Plaintiff's copyright protectable SCRM software and therefore constitutes the copying of "the systems, software, program and information... 'within the scope of the subject matter of copyright,'" even if the particular text or information copied is not copyright protectable, and (2) "the rights granted under the VCCA provisions underlying Plaintiff's claims 'are equivalent to any exclusive rights' within the scope of the Copyright Act." *Id.* at 7 (quoting *Rosciszewski, supra,* 1 F.3d at 229).  In effect, Defendants contend that since the "features and functions" that Defendants accessed and copied are simply aspects of Plaintiff's copyright protectable SCRM software, copyright preemption extends to any claims based on that copied information, whether or not that information is itself copyright protectable.

There is no question that copyrightable subject matter includes computer programs;[3] and the Court concludes that the Maxient Document that is implicated in each of the plaintiff's

_____

[3] Section 101 defines "computer program" as "a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result."

claims involves text that is "within the scope of the subject-matter of copyright." [4] *Rosciszewski, supra,* 1 F.3d at 229. The issue then reduces to whether Maxient's state law claims are "equivalent" to claims for copy infringement.    In *Trandes Corp. v. Guy F. Atkinson Co.,* 996 F.2d 655 (4th Cir. 1993), decided shortly before *Rosciszewski,* the Fourth Circuit held that in order to determine whether a state law claim involves rights that are "equivalent," "the elements of the causes of action should be compared, not the facts pled to prove them." *Id.* at 659. "'[W]hen a state law violation is predicated upon an act *incorporating elements beyond mere production or the like,* the rights involved are not equivalent and preemption will not occur.'" *Id.* (quoting *Harper & Row Publishers, Inc. v. Nations Enterprises,* 723 F.2d 195, 200 (2d Cir. 1983) (Emphasis added).  In *Rosciszewski,* the Fourth Circuit further explained that "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, . . . there is no preemption, provided that the 'extra element' changes the 'nature of the action so that it is qualitatively different from a copyright infringement claim.'" 1 F.3d at 229-30 (quoting *Computer Assocs., Int'l. v. Altai, Inc.,* 982 F.2d 693, 716 (2d. Cir.1992)).  The Court must therefore consider the nature of Plaintiff's claims, in light of their elements, in order to assess whether Plaintiff's state law claims are completely preempted under the Copyright Act.

As characterized by the Plaintiff in its Complaint, Maxient and Symplicity are direct competitors in the web-based software market for SCRM.  Complaint at ¶ 10-13.  Each company

---

[4] The Maxient Document contains a variety of subject matter, including purely descriptive text of the SCRM software, detailed instructions on how to use the SCRM software and screen shots with accompanying instructional text. In short, the Maxient Document contains elements of both copyright protectable "expression" and non- copyright protectable "ideas;" and it would appear to the Court, without deciding, that it is, at least in part, subject to copyright protection.  In any event, as stated above, the Court concludes that the Maxient Document contains text that is "within the scope of the subject-matter of copyright."

has developed and marketed to institutions of higher learning its own particular proprietary software solutions for SCRM. Cmpl. at ¶ 12. Maxient describes its software system as a "proprietary invention, utilizing unique formulas, techniques, functions, features, and methods, all constituting trade secrets which provide Maxient's customers a valuable solution over competing software solutions." Cmpl. at ¶ 16. Maxient "provide[s] its distributed solution [to SCRM] through protected servers that are accessible to its subscribers over a secure Internet connection." Cmpl. at ¶ 14.

After certain Symplicity SCRM software customers transferred their business to Maxient, Defendants decrypted certain of these former customers' password codes still on file with Symplicity and learned that its former customers continued to use these same passwords for the purpose of accessing Maxient's SCRM software support network. Cmpl. at ¶ 22. On two separate occasions, September 13, 2010, and August 17, 2011, Defendants, using techniques to conceal the source of their activities, falsely posed as Maxient customers and successfully accessed Maxient's protected servers using the login credentials of its former customers. Cmpl. at ¶ 20-28. Once Defendants accessed Maxient's restricted, protected network, they "reviewed Maxient's trade secrets and confidential information and proprietary product design and manuals, and copied-and-pasted key proprietary and confidential information into a 110-page document and saved it on Symplicity's computer as "maxient.docx" ("the Maxient Document"). Cmpl. at ¶ 24. The Maxient Document "contained, *inter alia*, detailed information about Maxient's new and key features, planned upgrades, layout of the software, and key screen shots." *Id.* Defendants subsequently used the information they had gained from the Maxient network to add features to their own SCRM software. *See* Cmpl. at ¶ 31 (defendants "used these features

[learned through their unlawful access] to unfairly compete against Maxient in the SCRM market in part by depriving them of their status as a sole source provider of these features").

As reflected in the above summary of the Complaint, the core of Plaintiff's claims is illegal computer access to state law protected ideas, processes, procedures and methods of operation pertaining to its SCRM software, subject matter specifically excluded from copyright protection.[5] In substance, the gravamen of Plaintiff's claim is the misappropriation of trade secrets through unlawful competitive intelligence gathering or corporate espionage. *See* Cmpl. at ¶ 1("This is a lawsuit concerning Defendants' hacking and misappropriation of [its] trade secrets, and proprietary and confidential information.") In that connection, Maxient does not allege that Defendants accessed or copied any of its SCRM software, source codes or object codes. Indeed, Plaintiff does not claim any copyright protection for any of the information Defendants allegedly accessed and does not assert any claims for copyright infringement. While those aspects of Plaintiff's complaint are not dispositive, they do illustrate that Defendants' alleged underlying copying is, at best, incidental to Plaintiff's core complaint of illegal, deceitful, and unauthorized computer access to trade secret information, ideas and concepts in order to gain an unfair competitive advantage. Based on a comparison between the elements of each Maxient's state law causes of action and copyright infringement, the Court concludes that Maxient's claims under Va. Code § 18.2-152.3(3) and 18.2-152.4(6) are preempted, while its claims under Va. Code, 18.2-152.3(1) and 18.2-154.15 are not.

A. Count II – Computer Fraud under Va. Code § 18.2-152.3(1) and (3).

---

[5] The Copyright Act expressly excludes copyright protection for "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated or embodied in such work." 17 U.S.C. § 102(b).

In Count II of its Complaint, Maxient seeks recovery under the VCCA, Va. Code § 18.2-152.3(1) and (3).[6] Subsection 1 imposes liability for the unauthorized use of a computer and obtaining property by "false pretenses" and Subsection 3 imposes liability for the unauthorized use of a computer and converting property. *See* Cmpl. at ¶ 70 ("Symplicity and Symplicity's CEO used a computer and a computer network without authorization with the intent to obtain axient's property and services *by false pretenses* and *converted the property of another*.") (emphasis added).[7] The claim under Subsection 1, requiring proof of false pretenses, clearly adds an element of proof beyond that necessary to prove copyright infringement. It also adds an element that qualitatively changes the nature of the claim. A trade secrets claim is not preempted because an essential element is "the abuse of confidence or impropriety in the means of procurement," *Trandes Corp.*, *supra*, 996 F.2d at 660 ("...the breach of a duty of trust or confidentiality comprises the core of actions for trade secret misrepresentation, and supplies the extra element that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying.") (internal citation omitted). Plaintiff's § 18.2-152.3(1) claim is not preempted for essentially the same reason - an essential element is the use of false pretenses, a form of wrongful means, to obtain information. The

---

[6] 18.2-152.3, as applicable to Maxient's claims, provides as follows:
> Any person who uses a computer or computer network, without authority and:
>    1. Obtains property or services by false pretenses;
>    2. Embezzles or commits larceny; or
>    3. Converts the property of another;
> is guilty of the crime of computer fraud.

[7] The Court recognizes that at points in its Complaint Maxient alleges only intent and not actual use of false pretenses. Important, however, for the purposes of the preemption analysis are the elements of Maxient's Subsection 1 claim, not whether Maxient has adequately alleged facts to support that claim. Moreover, the Complaint, read as a whole, clearly alleges defendants' actual use of false pretenses to access Maxient's network. In any event, whether Maxient has alleged facts sufficient to state a claim under Subsection 1 is an issue reserved to the state court upon remand.

"false pretenses" requirement therefore adds the "extra element" that qualitatively distinguishes Plaintiff's § 18.2-152.3(1) claim from copyright infringement. *See Id.* The § 18.2-152.3(1) claim, therefore, is not preempted.[8]

The same cannot be said, however, for the conversion claim under Subsection 3. In *Berge, supra*, the Fourth Circuit held that a state law conversion of intellectual property claim was preempted by the Copyright Act, because "§301(a) will preempt a conversion claim 'where the plaintiff alleges only the unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work.'" 104 F.3d at 1463 (quoting Paul Goldstein, Copyright, Patent, Trademark and Related State Doctrines 777 (3d ed. 1993)). There, the core of plaintiff's theory of recovery was the conversion and plagiarism of her doctoral dissertation, and she made "no claim that appellants converted any tangible objects embodying her intellectual property." *Id.* Likewise, Maxient is not asserting that Defendants converted tangible objects; but only the information copied. The only element of a claim under Subsection

---

[8] At the time *Rosciszewski* was decided, Va. Code § 18.2-152.3 had only an intent element that the Fourth Circuit concluded was insufficient to qualitatively distinguish a claim under that section from a claim under the Copyright Act. *See Rosciszewski, supra,* 1 F.3d at 230 (the intent requirement did "not require proof of elements beyond those necessary to prove copyright infringement of a computer program. . . .") In 2005, after the decision in *Rosciszewski*, § 18.2-152.3 is amended to its present form. In *Cvent, Inc. v. Eventbrite, Inc.,* 739 F.Supp.2d 927, 934 (E.D.Va 2010), the Court acknowledged that "the statute as amended in 2005 now requires that the defendant must *actually commit* larceny, false pretenses, embezzlement, or conversion to be liable[,]" thereby signaling that the *Rosciszewski* reasoning no longer applied. *Id.* Defendants make much of the fact that despite this acknowledgment, the Court nevertheless concluded that plaintiff's § 18.2-152.3 claim was copyright preempted. But there, the plaintiff's claim was centrally based on the copying or "scraping" of information directly from a website, the content of which was protected by copyright, and in fact, the plaintiff's complaint included a copyright infringement claim. Because the plaintiff's complaint alleged facts "almost exclusively relating" to its copyright infringement claim and virtually no facts that would give "rise to a plausible inference of larceny, false pretenses, embezzlement, or conversion[,]" the Court concluded that, "Cvent's claim . . . reduces to nothing more than a copyright infringement allegation, dressed up in VCCA garb." *Id.* at 935. Here, the entire thrust of Maxient's complaint relates to defendants' use of false pretenses.

3 beyond that necessary to prove copyright infringement is that a computer is used "without authorization." As the Court held in *Rosciszewski*, that element alone does not add a qualitatively different element since "unauthorized copying," the core focus of the Copyright Act, necessarily requires the use of the computer to be "without authority," as that term is defined under the VCCA. *See* 1 F.3d at 230. *See also Berge, supra,* 104 F.3d at 1464 ("where the core of the state law theory of recovery . . . goes to wrongful copying . . . it is preempted."). Consistent with the Fourth Circuit's ruling in *Berge*, the Court concludes that the § 18.2-152.3(3) claim is preempted by the Copyright Act.

B. Count III – Computer Trespass under Va. Code § 18.2-152.4(6) [9]

In Count III, Maxient alleges that "[w]ith malicious intent Symplicity and Symplicity's CEO used a computer and a computer network without authorization to make or cause to be made an authorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs and computer software residing in, communicated by, or produced by a computer or computer network." Cmpl. at ¶ 76. The only elements of this claim beyond those required to prove copyright infringement is the element that a computer be used without authorization and the element of "malicious intent." Maxient does not argue that the requirement that a computer be used without authorization is sufficient to avoid preemption but does contend that the malicious intent element qualitatively changes the claim from that of copyright infringement and therefore prevents preemption. That position, however, runs squarely into the holding in *Rosciszewski,* where the Fourth Circuit stated that "[a]n action will not be

[9] Va. Code § 18.2-152.4(6) provides: "It shall be unlawful for any person, with malicious intent, to: . . . (6) Use a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network[]"

10

saved from preemption by elements such as awareness or intent, which alter 'the action's scope but not its nature.'" 1 F.3d at 230 (quoting *Computer Assocs., supra*, 982 F.2d at 717). Here, the element of "malicious intent" may alter the scope of the claim beyond that limited by a general intent requirement, but it does not alter its nature. As with Maxient's claim under Va. Code § 18.2-152.3 (3), Maxient's claim under Va. Code § 18.2-152.4(6) is in the nature of a claim for wrongful copying and is therefore preempted. *See Berge, supra*, 104 F.3d at 1464 ("where the core of the state law theory of recovery . . . goes to wrongful copying . . . it is preempted."). Therefore, the § 18.2-152.4(6) computer trespass claim is preempted by the Copyright Act. [10]

     C. Count IV- Use of encryption to further criminal activity under Va. Code § 18.2-152.15

     Plaintiff's last claim is that "Defendants Symplicity, Symplicity's CEO, and Symplicity's CTO willfully used encryption to further criminal activity, including, but not limited to, violating 18 U.S.C. §§ 371,1030(a)(2)(C) and (c)(2)(B)(i)." Cmpl. at ¶81. Va. Code § 18.2-152.15 provides that "any person who willfully uses encryption to further any criminal activity shall be guilty of an offense which is separate and distinct from the predicate criminal activity and punishable as a Class 1 misdemeanor." The use of encryption is a nature changing element that is beyond those necessary to provide a copyright infringement claim, and therefore, the claim under § 18.2-152.15 is not preempted. [11]

---

[10] Plaintiff's briefing focuses on the title § 18.2-152.4, "computer trespass," as evidence of an extra element, i.e. the invasion by Defendants into Maxient's secured computers and network. *See* Doc. No. 17 at 17. Notably, Plaintiff does not address the actual elements of § 18.2-152.4 (6). *See also Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212, 118 S. Ct. 1952, 1956, 141 L. Ed. 2d 215 (1998) ("[T]he title of a statute ... cannot limit the plain meaning of the text. For interpretive purposes, [it is] of use only when [it] shed[s] light on some ambiguous word or phrase) (internal citations omitted).

[11] Again, whether Maxient's factual allegations sufficiently allege the use of encryption to state a claim under Va. Code, § 18.2-152.15 is an issue left to the state court.

## III. Conclusion

For the above reasons, Plaintiff's state law claims under Va. Code, § 18.2-152.3(1) (false pretenses) and § 18.2-152.15(encryption) are not preempted under the Copyright Act and those under Va. Code § 18.2-152.3(3) (conversion) and § 18.2-152.4(6) (trespass) are preempted by the Copyright Act. Plaintiff's Motion to Remand is therefore DENIED as to the claims under Va. Code § 18.2-152.3(3), set forth in Count II, and Va. Code, § 18.2-152.4(6), set forth in Count III. The Court also concludes that the remaining non-preempted claims substantially predominate over the preempted claims and the Court therefore declines pursuant to 28 U.S.C. § 1367(c)(2), to exercise supplemental jurisdiction over the non-preempted claims set forth in Count I (trade secrets), Count II, and Count IV; and Plaintiff's Motion to Remand is GRANTED to that extent.

The Court will issue an appropriate order.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
October 23, 2014